UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JACK BURKE,                              )
                                         )
        Plaintiff,                       )    Case No. 1:11-CV-19
                                         )
    v.                                   )
                                         )    Chief Judge Curtis L. Collier
BRADLEY COUNTY GOVERNMENT, et al.        )
                                         )
        Defendants.                      )

## MEMORANDUM

Before the Court is a motion for summary judgment filed by Defendants Bradley County Government ("Bradley County"), Sheriff Tim Gobble ("Gobble"), Captain Gabriel Thomas ("Thomas"), and Sgt. Keith Hixson ("Hixson")(collectively, "Defendants")(Court File No. 3).[1] Plaintiff Jack Burke ("Plaintiff") filed an untimely response, *see* E.D. TN. LR 7.1(a), which the Court has considered (Court File No. 7). For the following reasons, the Court will **GRANT** Defendants' motion for summary judgment.

## I.   RELEVANT FACTS

Plaintiff, a Bradley County corrections officer, sustained injuries from an assault by an inmate, Defendant Jason Fint ("Fint"). On October 17, 2009, Plaintiff was working in the Bradley County Jail and was ordered by Hixson to run a check on Fint's cell (Court File No. 6 ("Plaintiff Aff.") at ¶ 20). While he was carrying out this order, he was "assaulted and seriously injured" by Fint (*id.*; Court File No. 1-1 ("Compl.") at ¶¶ 1-3). This assault by Fint caused serious injuries and

---

[1] Defendant Jason Fint did not join in this motion and has not otherwise responded to the complaint.

Plaintiff sustained "massive medical bills, permanent disability, and lost income, as well as severe pain and suffering and mental anguish" (Compl. at 4).

Plaintiff alleges Defendant Bradley County, Gobble, and defendant officers Thomas and Hixson failed to take measures or adopt policies that could have prevented the assault (Compl. at ¶ 5; Plaintiff Aff. at ¶¶ 15-16, 21). Plaintiff attributes the defendants with authorizing improper promotions, inadequate training, and understaffing of the facility and claims these actions demonstrated "conscious and deliberate indifference" to Plaintiff's constitutionally protected rights (*id.* at ¶¶ 6-9). Plaintiff filed the instant action on October 18, 2010, in the Circuit Court of Bradley County, Tennessee asserting claims under the Tennessee Human Rights Act and 42 U.S.C. §§ 1983, 1988, for the damages he sustained. Based on the testimony of Joseph Byrd, County Attorney of Bradley County, Plaintiff is currently drawing workers' compensation benefits for the injuries suffered from the October 17, 2009 incident (Court File No. 5 ("Byrd Aff.") at ¶ 6).

Defendants move for summary judgment on all claims and argue Plaintiff's exclusive remedy is Tennessee Workers' Compensation Law and his complaint should be dismissed in its entirety.

## II.    STANDARD OF REVIEW

Summary judgment is proper if the movant shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Should the non-movant fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. ANALYSIS

It is undisputed the injuries sustained by Plaintiff during an altercation with inmate Fint occurred within the course and scope of his employment as a corrections officer with Bradley County. The Tennessee Workers' Compensation Law provides relief to employees who suffer from "personal injury or death by accident arising out of and in the course of employment without regard to fault as to the cause of the injury or death." Tenn. Code Ann. § 50-6-103(a). Injuries compensable under the Workers' Compensation Law must arise out of a person's employment and occur during the course of such employment. *Anderson v. Save-A-Lot*, 989 S.W.2d 277, 279 (Tenn.

3

1999) (citing *Hill v. Eagle Bend Mfg., Inc.*, 942 S.W.2d 483, 487 (Tenn. 1997)). Under Tenn. Code Ann. § 50-6-106(6), Workers' Compensation Law does not apply to the State of Tennessee and underlying counties unless the entity accepts the provisions of the Tennessee Workers' Compensation laws. *see also Crawley v. Hamilton Cnty.*, 193 S.W.3d 453 (Tenn. 2006). The undisputed testimony of Bradley County Attorney Joseph Byrd establishes that Bradley County, Tennessee had accepted the provisions and was subject to Tennessee Workers' Compensation laws as of October 17, 2009 (Byrd Aff. at ¶ 4).

Pursuant to Tenn. Code Ann. § 50-6-108(a), the Workers' Compensation Law provides the exclusive remedy for an employee who is injured during the course and scope of employment. However, there is an exception to the exclusivity doctrine where the employer acts with "actual intent to injure." *Gonzales v. Alman Const. Co.*, 857 S.W.2d 42, 48 (Tenn. Ct. App. 1993). In such cases, the injured employee may bring a common law tort cause of action for damages. *Blair v. Allied Maint. Corp.*, 756 S.W.2d 267, 270 (Tenn. Ct. App. 1988). The Tennessee Court of Appeals has explained:

> Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of *general intentional injury* . . . . Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully and unlawfully violating a safety statute, this still falls short of the kind of *actual intention* to injure that robs the injury of accidental character.

*King v. Ross Coal Co.*, 684 S.W.2d 617, 619 (Tenn. Ct. App. 1984) (emphasis in original).

Therefore, the "actual intent" required for a claim to fall outside the exclusivity provision is a specific and deliberate desire to cause harm which deprives the injury of all accidental character.

4

*See Coffey v. Foamex LP*, 2 F.3d 157, 160-61 (6th Cir. 1993). The proof of actual intent required to give rise to a common law cause of action goes beyond that sufficient to prove gross or even criminal negligence, and it will not suffice to merely allege the employer knowingly permitted the existence of a hazardous work condition, violated safety regulations, breached its duty to provide a safe work place, or ordered an employee to perform an extremely dangerous task. *See Mize v. Conagra, Inc.*, 734 S.W.2d 334, 336 (Tenn. Ct. App. 1987). Accordingly, the "actual intent" necessary to qualify for an exception to workers' compensation exclusivity must be equivalent to a deliberate determination on the part of the employer to cause injury combined with the undertaking of some means appropriate to that purpose.

In the instant case, Plaintiff alleges several claims against the defendants stemming from a failure to take measures or adopt policies that could have prevented the assault by an inmate. However, the exclusivity doctrine bars such claims against Bradley County, Gobble, and Officers Hixson and Thomas absent proof of an actual intent to injure. Plaintiff described notifying Hixson of previous problems with Fint and testified Hixson allowed Fint out of his cell while Plaintiff was cleaning (Plaintiff Aff. ¶¶ 16, 19). Although these actions could be construed as allowing a dangerous condition or asking an employee to perform a dangerous task, they do not satisfy the requisite actual intent to injure. *See Mize*, 734 S.W.2d at 336. Plaintiff has not otherwise alleged, nor is there any proof that these defendants improperly promoted individuals or failed to adopt policies with an intention to harm Plaintiff. Therefore, Plaintiff cannot sue his employer at common law for his injuries. *Id.* at 270.

Thus, the common law claims alleged against Defendants are barred by the exclusivity

remedy of workers' compensation benefits, and the Court will **GRANT** summary judgment on Plaintiff's claims against Defendants Bradley County, Gobble, Hixson, and Thomas.

**IV.    DEFENDANT JASON FINT**

Although the Court has determined Plaintiff has not established Bradley County, Gobble, and the officers had the requisite intent to injure for an exception from the exclusivity of the workers' compensation remedy, the same cannot be said for Defendant Fint. Plaintiff's allegation of an assault by Fint would, if proven, constitute an intentional tort including an actual intent to injure. *Blair*, 756 S.W.2d at 271. Plaintiff's complaint contains allegations of violations of his constitutionally-protected rights against all of the defendants. To properly state a claim under the Tennessee Human Rights Act or § 1983, the deprivation of a constitutional right must be "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Harper v. BP Exploration & Oil Co.*, 896 F.Supp. 743, 747 (M.D. Tenn. 1995)("The Court finds that the THRA is to be analyzed in the same fashion as claims under the Civil Rights Acts."). Plaintiff has made no allegation in either his complaint or his affidavit that Fint, an inmate of Bradley County Jail was acting in such a capacity and has therefore not raised a constitutional claim against Fint.

Viewing the complaint generously, Plaintiff has alleged a state-law claim of assault against Fint and this particular claim of an intentional tort by an inmate would not be barred by Tenn. Code Ann. § 50-6-108(a). Since the Court will grant summary judgment on the constitutional claims, the only remaining claim is Plaintiff's state-law claim of assault against Fint. Under 28 U.S.C. § 1367(c)(3), a court has discretion to dismiss claims supported only by supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. Because the grant of summary

judgment on the constitutional claims dismisses all claims over which the Court has original jurisdiction, the Court must assess whether it should continue to exercise supplemental jurisdiction over the state claims. At every stage in litigation, the court should weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In this case, all jurisdiction conferring claims will be eliminated prior to trial, thus the factors tend to weigh in favor of dismissal. *See Thurman v. DaimlerChrysler*, 397 F.3d 352, 359 (6th Cir. 2004) ("We have previously held that when all federal claims have been dismissed before trial, the best course is to remand the state law claims")(citations omitted).

The Court determines Plaintiff's state claim of assault against Fint would be best resolved in state court. Therefore, the Court will decline to exercise supplemental jurisdiction and will **REMAND** the state claim to the Circuit Court of Bradley County, Tennessee.

## V.   CONCLUSION

For the above reasons, the Court will **GRANT** Defendants' motion for summary judgment (Court File No. 3) and will **REMAND** Plaintiff's remaining claim of assault against Defendant Jason Fint to the Circuit Court of Bradley County, Tennessee. As no further matters remain for adjudication, the Court will **DIRECT** the Clerk of Court to **CLOSE** the case.

An Order shall enter.

                                                **/s/**
                                                **CURTIS L. COLLIER**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**